## PEOPLE v. LUHRS.

(Supreme Court, Appellate Division, First Department. July 8, 1908.)

TRADE-MARKS AND TRADE-NAMES—OFFENSES—STATUTORY PROVISIONS—EVIDENCE—SUFFICIENCY.

Pen. Code, § 364, makes it a misdemeanor to knowingly sell any goods represented in any manner to be the manufacture or product of any person, firm, or corporation other than the seller, unless such goods are contained in the original packages and under the label, marks, or names placed thereon by the manufacturer entitled to use such marks, etc. Accused refilled a whisky bottle having the W. trade-mark and label from a demijohn, and sold from it on requests for W. whisky. There was no proof offered as to whether the whisky from the demijohn was W. whisky or not. *Held*, that accused was properly convicted.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, § 59.]

McLaughlin and Ingraham, JJ., dissenting.

Appeal from Court of Special Sessions, New York County.

John H. Luhrs was convicted of violating the trade-mark law, and appeals. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Wentworth, Lowenstein & Stern (Louis Lowenstein and Francis W. Russell, on the brief), for appellant.

William Travers Jerome, Dist. Atty. (Robert S. Johnstone, of counsel), for the People.

CLARKE, J. The defendant was convicted of a violation of subdivision 6 of section 364 of the Penal Code, which provides that any person is guilty of a misdemeanor—

"who knowingly sells, offers or exposes for sale, any goods which are represented in any manner, by word or deed to be the manufacture or product of any person, firm or corporation other than himself, unless such goods. are contained in the original packages and under the labels, marks or names placed thereon, by the manufacturer who is entitled to use such marks, names, brands or trade-marks."

The Wilson Distilling Company manufactures whisky which it places in bottles bearing its trade-mark and label, which indicate that it is the manufacturer, producer, and bottler of the whisky contained therein. The trade-mark and label guarantees that the whisky in the bottle has not only been manufactured by the Wilson Distilling Company, but that the contents of the bottle have been placed in that identical bottle by the said company. The purpose of the trade-mark provisions is not only to protect the manufacturer, but also to protect the public. The manufacturer is protected against unfair competition. The public is insured in getting what it wants and what it pays for.. The defendant, a bartender in a saloon, sold certain drinks, upon a request for Wilson whisky, from a Wilson whisky bottle bearing the trade-mark and label of the Wilson Distilling Company. He then refilled said bottle from a demijohn, and sold other drinks upon request for Wilson whisky from the same bottle after it had been so refilled by him. Thus he represented both by word and deed that the whisky so sold by him was the product of the Wilson Distilling Company, at the time well knowing that.it was not contained 'in the original trade-marked and labeled package of the manufacturer. There was no proof whether the whisky with which he refilled the bottle was Wilson whisky or not.

The appellant claims that, by reason of the failure to prove that the whisky sold was not Wilson whisky, no crime was made out. He also claims that, if the law is so to be construed as to make the acts proved constitute a crime, then the act is unconstitutional as in violation of article 1, §§ 1, 6, of the .Constitution of the state, and the fourteenth amendment of the Constitution of the United States. It is suggested that the statute means that the person selling the goods must know that what he sells is not the article that it purports to be, that he must be guilty of fraud, and that, as there is no proof that the article sold was not Wilson whisky, the crime was not proved and that there was no intent to defraud established. I cannot so read the statute. Subdivision 5 of the same section (section 364, Pen. Code) provides that:

"A person who knowingly * * * makes or sells or offers to sell or dispose of, or has in his possession with intent to sell or dispose of, an article of merchandise with such a trade-mark as to appear to indicate the quantity, quality, character, place of manufacture or production or persons manufacturing or producing the article, but not indicating it truly, * * *" is guilty of a misdemeanor.

By this provision, selling whisky which is not Wilson whisky in or from a bottle bearing the Wilson trade-mark is prohibited. To

adopt the construction suggested would be to interpret the two successive subdivisions as providing for the same offense. This is not reasonable, and offends that canon of statutory construction which requires meaning to be given to all the language of a statute, when possible. The meaning is clear and unambiguous, and forbids the precise thing proven in this case—the refilling of a trade-marked original package, even with like goods, and selling therefrom with the representation that it is the original package. Neither is. "fraudulently" to be imported into the statute, nor is "knowingly" to be applied to the illegality of the act. If the goods are so sold by one knowing that the package has been refilled, the statute is satisfied. Section 718, subd. 4, of the Penal Code provides that:

"The term 'knowingly' imports a knowledge that the facts exist which constitute the act or omission a crime, and does not require knowledge of the unlawfulness of the act or omission."

The act alone, irrespective of its motive, constitutes the crime, and it matters not how innocent of wrongful intent the alleged offender may be. The only intent required is the general intent to do the prohibited act. People v. Abeel, 182 N. Y. 415, 75 N. E. 307, 1 L. R. A. (N. S.) 730, where the whole court agreed that for the offense described and punished under subdivision 3, § 514, of the Penal Code—

"intent is not a necessary ingredient of the offense, except the intent to commit the prohibited act."

The appellant claims that the act is unconstitutional, in that it deprives him of his property without due process of law—the argument being that, having bought the goods, he is entitled to sell them as and how he pleases; that, if he choose, he may pour the whisky from one labeled and trade-marked bottle into a demijohn, and from that demijohn fill other labeled and trade-marked bottles, and then sell those refilled, or from those refilled bottles, when and as he pleases, and to deprive him of that right by making it a criminal offense so to do is a deprivation of property, namely, the use and disposal of property, without due process of law.

That argument, carried to its logical conclusion, would destroy all the statutes providing for the protection of trade-marks. Why should not a man be allowed to use his property as he will, to use any trade-mark, to affix a well-known mark to any product, to refill old bottles with a foreign substance and sell it under another man's label, mark, and reputation? All of these provisions are made to prevent fraud on manufacturers, who by their skill and care have established a reputation for their goods, and to prevent fraud on the customer who buys on the credit of the trade-mark and label. In this age of canned, bottled, and packed goods, the assurance of the public that the goods asked for and received have been packed in the identical package by the manufacturer is as important as that they have been manufactured by him. This assurance is given by the marks and labels. It seems to me a proper legislative requirement, warranted under the general police powers of the state, for the purpose of protecting the public against fraud, imposition, and deception. If the Legislature has the

power, which the appellant concedes, to forbid trade-marked packages from being filled with goods not made by the owner of the marks and sold under the representation that they are that manufacturer's product, why has it not the power, in order to secure that end, to prevent knowingly selling goods represented to be the manufacture of any person other than himself, unless such goods are contained in the original packages and under the marks placed thereon by the manufacturer entitled to use such marks? When a person buys a copyrighted book, he does not buy the copyright; when he buys a patented article, he does not buy the patent; and when he buys a trade-marked package, he does not buy the trade-mark. When he refills the bottle or the package, he makes the mark thereon false; for that mark certifies the manufacture and the packing of the contents. He may resell the package and the contents as he will. He may not refill, for then he makes a false representation; and, if he sells after refilling, he sells upon that representation.

It follows that the judgment appealed from should be affirmed.

SCOTT, J., concurs.

HOUGHTON, J. (concurring). I concur in the affirmance of the judgment of conviction. I think the people made a prima facie case of violation of the statute by proving that the "Wilson" whisky bottle was refilled from another and different receptacle. If the defendant desired to relieve himself from this prima facie violation, it was incumbent upon him to prove that the whisky which he poured into the "Wilson" bottle was in fact Wilson whisky. I do not think it would be a violation of the statute to pour back into the bottle an unused glass of whisky, or to pour the contents of one bottle into another of the same kind and sell from the latter. The aim of the statute is to prevent imposition and the sale of one thing purporting to be another. I think the statute applies to broken packages; but I do not think it is violated by putting two broken packages of the same brand together and making one.

The defendant did not do this, but filled a "Wilson" whisky bottle from a different package, and was therefore properly convicted.

McLAUGHLIN, J. (dissenting). The defendant was convicted of a misdemeanor for violating section 364 of the Penal Code. He was a bartender, and the evidence, in brief, is to the effect that he sold, as Wilson whisky, whisky from a Wilson whisky bottle which was refilled, when emptied, from a demijohn underneath the bar. There was no evidence that the whisky sold from this bottle was not Wilson whisky. The learned district attorney, at the trial, stated that he was ready to offer evidence of the "taste test"; but no such proof was in fact offered, and the sole question presented by this appeal is whether subdivision 6 of section 364 of the Penal Code applies to the facts proved, and, if so, whether it is constitutional. The statute reads as follows:

"A person * * * (6) who knowingly sells, offers or exposes for sale, any goods which are represented in any manner, by word or deed, to be the manufacture * * * or product of any person, firm or corporation, other

than himself, unless such goods are contained in the original packages * * *
and under the labels, marks or names placed thereon by the manufacturer
who is entitled to use such marks, names, brands or trade-marks, * * *
shall be guilty of a misdemeanor."

I am of the opinion that this statute does not apply to the case of
a sale where the original package has by the owner been broken; in
other words, had the bartender sold a bottle of what purported to be
Wilson whisky as originally bottled by the manufacturer, but which
was not, the statute would apply to him; but, having broken the
original package, the bottle, then a sale of part of its contents, whether
it were Wilson whisky or not, did not violate the statute. The lan-
guage is that a sale shall not be made "unless such goods are contained
in the original package." Its purpose is to protect the owners of trade-
marks by making it a crime to sell or offer to sell goods covered by
a trade-mark owned by another, unless the goods, when sold or offered
for sale, are contained in the package in which they were put up by
the manufacturer and have thereon the labels, marks, or names con-
stituting the trade-mark by which the manufacturer desires the goods
to be known and introduced. That this is the proper construction to
be put upon this statute was settled, so far as this court is concerned,
in People v. Hoffheimer, 110 App. Div. 423, 97 N. Y. Supp. 84.

If the statute is to be construed in the manner set forth in the pre-
vailing opinion, it may well be doubted whether it is constitutional, in
that it confiscates a property right. Wynehamer v. People, 13 N. Y.
378. If the original packages are destroyed or injured to such an ex-
tent that the goods contained therein cannot be sold therefrom, through
no fault of the seller, then he is prohibited from selling them as the
goods of the maker, which might well constitute a large part of their
value. But it is not now necessary to pass upon this question, inas-
much as the statute does not apply to the facts proved.

The judgment of conviction, therefore, should be reversed, and a
new trial ordered.

INGRAHAM, J., concurs.